Miles F. McDonald, J.
Motion for an order vacating and setting aside the ex parte order of this court dated September 17, 1960 and filed in the office of the Clerk of said court on September 19, 1960 appointing a temporary receiver of the defendant and containing other provisions relating to said temporary receiver granted, in all respects.
On September 17, 1960 an ex parte order was made and entered by a Justice of this court pursuant to section 977-b of the Civil Practice Act appointing a receiver of the defendant corporation. The affidavits upon which said order was granted were made by the attorneys for the plaintiff corporation. All of the factual allegations therein contained are stated upon information and belief, but are silent as to the source of the information which forms the basis of said belief. The order entered thereon appointing the temporary receiver recites that it was granted pursuant to section 977-b of the Civil Practice Act on the ground that the defendant, a foreign corporation, has been nationalized by the Republic of Cuba and has ceased to do business, and that personal service of the summons could not be effected within the State of New York with due diligence.
*521 In support of its application to vacate said ex parte order the defendant submits the affidavit of its treasurer which categorically states that it has not been nationalized by the Eepublic of Cuba and that it is continuing to do business, and defendant states that it is a Delaware corporation and has been for some years a holding company, and its principal assets are the securities of three subsidiary corporations all of which were incorporated in the State of New York and all of which are domestic corporations. These subsidiary corporations own or lease and operate sugar mills in the Eepublic of Cuba, and the defendant corporation alleges that it was the property of these subsidiary corporations which have been seized by the Cuban government. Defendant further states that while the seizure of these assets reduced the value of its stockholdings in the subsidiary corporations, that its business as a holding company has not been interfered with and that no asset of the parent corporation has been seized by the Cuban government and it has not been nationalized.
Attached to the moving papers is a copy of a letter dated September 8,1960 which was sent by the defendant corporation to its stockholders, which stated in substance, that on August 6, the properties and assets of the corporation’s subsidiaries which operate sugar mills in Cuba were nationalized in Cuba under the Cuban law. It pointed out, however, that the expropriations in Cuba do not affect the assets of the parent corporation or its subsidiaries in the United States.
The plaintiff upon argument of the present motion has submitted in support of its position a report from Standard & Poor’s financial service to establish that the defendant has been nationalized and expropriated. Such a statement is, of course, the rankest hearsay and cannot stand against the direct averment of an officer of the defendant that it is a holding company and that it is not directly engaged in business in Cuba. A reading of the Standard & Poor report indicates merely that the financial statistics as set forth are consolidated statements of the defendant parent corporation and of various of its subsidiaries.
One of the bases for the granting of the ex parte order for a temporary receiver was the claim by the plaintiff that service of a summons could not be effected with due diligence in the State of New York. This allegation is based solely upon the fact that the corporation is not qualified to do business in the State of New York. It does not appear that any investigation was made to ascertain whether the company had an office in *522 New York or that the officers or directors were in the State of New York, or that any effort had been made of any nature whatsoever, in an endeavor to effect service.
An examination of the Manhattan telephone directory would indicate that the defendant’s wholly owned subsidiary, Punta Alegre Sugar Corporation, had an office at 120 Wall Street, New York City and that the letter of the defendant corporation to all of its stockholders stated that it had an office at 120 Wall Street, New York City. The Standard & Poor’s report submitted by the plaintiff in opposition to the motion above referred to also indicated not only the office of the corporation at 120 Wall Street, but also the names of the directors, one of whom is a well-known member of the New York Bar, with an office in the downtown area of Manhattan. It is also to be noted that a certified copy of the order appointing the temporary receiver was served on the treasurer of defendant corporation at 120 Wall Street, New York City, upon the next business day following the entry of said order. The diligence used in effecting said service would have been better spent previous to the entry of the order instead of subsequent thereto.
To defeat this application to vacate the order appointing the receiver, the plaintiff must bring itself within the provisions of section 977-b of the Civil Practice Act and establish that the defendant corporation has been nationalized or has ceased to do business, or has been liquidated, or that its charter or organic law has been suspended, repealed, annulled or revoked. This the plaintiff has not done.
The plaintiff having failed to establish that the defendant corporation has been nationalized and no other ground appearing for the appointment of a receiver the motion is in all respects granted. Settle order.